ASH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Jordan Armendariz, | No. CV 14-2739-PHX-DGC (BSB) |
| Plaintiff, | |
| v. | **ORDER** |
| Lynn T. Hamilton, | |
| Defendant. | |

On December 19, 2014, Plaintiff Scott Jordan Armendariz, who is confined in the Gila County Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc 1), but did not either pay the $400 filing and administrative fees or submit an Application to Proceed *In Forma Pauperis*.  By Order dated January 13, 2015, the Court provided Plaintiff with 30 days in which to either pay the filing and administrative fees, or submit an Application to Proceed *In Forma Pauperis*.

Two days later, on January 15, 2015, Plaintiff filed a First Amended Complaint that superseded the original Complaint in its entirety.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  On January 23, 2015, Plaintiff submitted an Application to Proceed *In Forma Pauperis* (Doc. 5), followed by an Amended Application to Proceed *In Forma Pauperis* filed on February 2, 2015 (Doc. 6).  The Court will dismiss this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28

U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

## II.     Complaint

In his single-count First Amended Complaint, Plaintiff names Lynn T. Hamilton as the sole Defendant. Plaintiff alleges a single claim regarding Hamilton's performance as Plaintiff's defense attorney in an underlying criminal proceeding.

## III.    Failure to State a Claim

A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law. Whether an attorney representing a criminal defendant is a public defender or court-appointed counsel, he or she does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317-18, 102 S.Ct. 445, 449-50, 70 L.Ed.2d 509 (1981). Therefore, Plaintiff's civil rights claims against Defendant Hamilton must fail unless Plaintiff can set out facts showing a conspiracy between his counsel and state officials to deny him the right to adequate representation under the Sixth Amendment. *See Tower v. Glover*, 467 U.S. 914, 920 (1984). Plaintiff has not made any such allegation, nor does it appear that he could plausibly make such an allegation. Accordingly, Plaintiff's Complaint will be dismissed for failure to state a claim for which relief could be granted. Because it does not appear that Plaintiff could allege any facts that would cure the deficiency described herein, Plaintiff's Complaint will be dismissed without leave to amend, and the Clerk of Court will be directed to terminate this matter.

**IT IS ORDERED:**

(1)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 6) is **denied** as moot.

(3)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(4) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 8th day of April, 2015.

_____
David G. Campbell
United States District Judge